JEREMIAH H. FLAHERTY, In Equity,

*vs.*

PORTLAND LONGSHOREMEN'S BENEVOLENT SOCIETY, et als.

Cumberland.    Opinion November 19, 1904.

*Equity.    Corporation.    By-Laws.    Ultra Vires.*

1.  The implied powers of a corporation are not limited to such as are indispensably necessary to carry into effect those which are expressly granted, but comprise all that are necessary, in the sense of being appropriate, convenient and suitable for such purposes, including the right of a reasonable choice of means to be employed.

2.  If a corporation or mutual association has for one of its lawful purposes the mutual aid and protection of its members, and has the power to raise and expend money for the payment of sick benefits to members, the power to afford relief to its members by furnishing them the care of a physician in time of sickness may be fairly implied from the general scope of the corporate purposes.

3.  But when one of the by-laws of a benevolent and protective society provides that "the funds of this society shall be appropriated for no other purpose than that necessarily incurred for the maintenance of wages, burying the dead, and other incidental expenses" the payment of a salary to a physician, is not thereby authorized, but is forbidden, although another by-law provides for the payment of sick benefits.

4.  When such a society, by another by-law, provided that "resolutions adopted at any general or special meeting of this society for any special purpose shall be as binding on its members as if they were embodied in its by-laws," it is held that by fair construction such resolutions are intended to have, and do have, the effect of by-laws, only when they are not inconsistent with the by-laws, and do not have the effect of amending or repealing them.

5.  A society having such by-laws as those stated cannot lawfully vote to pay a salary to a physician for the benefit of its members.    To hold otherwise, would be to give to such a vote the effect of amending the by-laws.

6.  By-laws are the rules of corporate government.    While they aid in the orderly transaction of the corporate business, they also serve as a protection of the corporation itself, or of minority members, against ill advised or illegal acts of the majority.

7. A member of such a society has an interest in its funds, and is entitled to the protection of the by-laws, and he may maintain a bill to enjoin a violation thereof.

In Equity. On appeal by plaintiff. Appeal sustained.

The case appears in the opinion.

*John B. Kehoe,* for plaintiff.

*D. A. Meaher,* for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

SAVAGE, J. The Portland Longshoremen's Benevolent Society is a corporation, created under the laws of Maine. Its business is conducted under a code of by-laws, somewhat inartificially drawn. Its charter is not made a part of the record, but its object as disclosed by the by-laws is to "bind its members together as one man that we may be better able to protect our interests, regulate our wages, and attend to such other business as may from time to time come before us." Membership is limited to a single class of laborers. Sick benefits are provided for. It is, in short, a corporation benevolent and protective. One of its by-laws provides that "the funds of this society shall be appropriated for no other purpose than that necessarily incurred for the maintenance of wages, burying the dead, and other incidental expenses"; and another, that "resolutions adopted at any general or special meeting of this society for any special purpose shall be as binding on its members as if they were embodied in its by-laws." No provision is made in the by-laws for a physician of the society, but for some years before this controversy arose a physician had been employed by vote of the society, and paid a stipulated annual salary.

At a meeting of the society held October 6, 1903, a committee was appointed "to bring in the lowest terms that a competent physician will serve the society for one year." At a meeting a week later the committee reported the sealed proposals of three physicians, which being opened, it was found that the proposal of Dr. Conneen was the lowest. Discussion ensued, some claiming that the physician should be elected by ballot, and not appointed, but the president

ruled that the lowest bidder was entitled to the position, and accordingly appointed Dr. Conneen.    Afterwards the society by vote instructed the recording secretary to notify the previous physician that his services would end October 15, 1903, and to notify Dr. Conneen of his appointment as physician.    At the next meeting of the society "the minutes of the last meeting were read and approved."

The plaintiff, a member of the society in good standing, brought this bill, in behalf of himself and of all other members who might desire to become plaintiffs, to restrain the society and its officers from paying any of the monies of the corporation to Dr. Conneen as salary under the foregoing appointment as physician.    A temporary injunction was issued.    After hearing, the sitting justice below dissolved the injunction and dismissed the bill.    The plaintiff appealed.

The plaintiff contends, first, that the election or appointment of any physician by the society was ultra vires, and, secondly, that the appointment of Dr. Conneen was irregular, unauthorized and void. No other questions have been raised or discussed by counsel.

To determine whether the acts of a corporation are ultra vires or not, recourse must be had primarily to its charter.    To be ultra vires, an act of a corporation must be shown to be not within the scope of its charter, nor within its express or implied powers.    In this case the charter is not before us.    Both parties are content with such assumptions as may be made from the by-laws.    Therefore the court will be content.    There appears to be no specific or express warrant for the appointment of a physician by this society.    But the society, though incorporated, partakes largely of the character of a mutual association for mutual aid and protection.    It has no stockholders, nor stock.    Its object is to protect the interests of its members.    It pays sick benefits to its members, and we must assume that it has the right to do so.    Affording relief to its members by furnishing them the care of a physician in time of sickness is closely allied to the payment of sick benefits, and we think its corporate power to do so might be fairly implied from the general scope of the corporate purposes.    The implied powers of a corporation are not limited to such as are indispensably necessary to carry into effect those which are expressly granted, but comprise all that are necessary, in the

sense of being appropriate, convenient and suitable for such purposes, including the right of a reasonable choice of means to be employed. Cyclopedia of Law, vol. 10, page 1097. 1 Cook on Corporations, section 3.

But notwithstanding the appointment of a physician may be within the scope of the corporate powers of the society, the plaintiff further contends that the payment of a salary to Dr. Conneen would be in express violation of the by-law which declares that the funds of the society shall be appropriated for no other purpose than that necessary "for the maintenance of wages, burying the dead, and other incidental expenses." The payment of a salary to a physician is certainly not within any of these purposes. But it is argued for the defendants that the binding force of this and all other by-laws is much modified and weakened by that one which provides that resolutions adopted by the society "for any special purpose shall be as binding on its members as if they were embodied in the by-laws." That by-law gives to a mere resolution the effect of a by-law. By-laws are simply the rules of corporate government. While they aid in the orderly transaction of the corporate business, they also serve sometimes as a protection of the corporation itself, or of minority members, against ill advised or illegal acts of the majority. It is within the power of the corporation to modify, limit or abrogate them. And one legally adopted may, in effect, limit or repeal an old one, though not expressly so stated. As we have already pointed out, these by-laws themselves provide for the payment of sick benefits. And as this is outside of, and inconsistent with, the by-law in question, the latter must be regarded as so far modified at least.

Assuming then, but not deciding, that the appointment of Dr. Conneen with a salary, ratified as it was by the action of the society, was in effect a resolution adopted by the society for a special purpose, what was its effect in view of the by-law limiting the right to expend money to specific purposes, of which a physician's salary was not one? Was it valid? If it was valid, it had the effect of so far amending the by-law. Practically it abrogated the by-law. For if a simple resolution could amend the by-law in one particular or one instance, it could do so in all particulars and in all instances.

Money could be voted for any purpose within the chartered powers of the society, the by-law to the contrary notwithstanding. The by-law would thus become of no effect. It would cease to be a protection to the members, which it was evidently intended to be. We do not think such is the proper construction to be placed upon the by-law, which provides that resolutions adopted by the society shall be as binding as if embodied in the by-laws. That by-law, as we construe it, gives to resolutions the effect of by-laws, only when the resolutions are not inconsistent with the by-laws; in other words, only when they would not, if operative, have the effect of amending or repealing the by-laws. But the society cannot override and abrogate a by-law, by a simple resolution, in favor of some object which is forbidden by the by-law. The action of the society in providing for the payment of a salary to a physician was clearly inconsistent with the by-law, which provides that "the funds of the society shall be appropriated for no other purpose than that necessarily incurred for the maintenance of wages, burying the dead, and other incidental expenses," and hence was inoperative and void.

The plaintiff, a member of the society, has an interest in the society's funds, and is entitled to the protection of the by-law, and he may call upon the court for its enforcement.

> *Bill sustained, with costs. Decree of perpetual injunction to issue as prayed for.*